**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| MERCK SHARP & DOHME CORP.,<br><br>*Plaintiff*,<br><br>v.<br><br>TEVA PHARMACEUTICALS USA, INC., and TEVA PHARMACEUTICAL INDUSTRIES LTD.,<br><br>*Defendants*. | C.A. No. ____________________ |

# COMPLAINT

Plaintiff Merck Sharp & Dohme Corp. ("Merck"), by its attorneys, for its Complaint, alleges as follows:

1. This is an action for patent infringement under the patent laws of the United States, Title 35, United States Code, and for a declaratory judgment of patent infringement under 28 U.S.C. §§ 2201 and 2202 and the patent laws of the United States, Title 35, United States Code, that arises out of defendants' submission of Abbreviated New Drug Application ("ANDA") Nos. 202487, 202488, 204524, and 204591 to the U.S. Food and Drug Administration ("FDA") seeking approval to commercially manufacture, use, offer for sale, sell, and/or import versions of JANUVIA® (sitagliptin phosphate), JANUMET® (metformin hydrochloride; sitagliptin phosphate), JUVISYNC® (simvastatin; sitagliptin phosphate), and JANUMET XR® (metformin hydrochloride; sitagliptin phosphate extended release tablets) prior to the expiration of U.S. Patent No. 7,326,708 ("the '708 patent").

2. Teva Pharmaceuticals USA, Inc. notified Merck by letter dated December 14, 2010 ("Teva's '487 Notice Letter") that it had submitted to the FDA ANDA No. 202487

("Teva's '487 ANDA"), seeking approval from the FDA to engage in the commercial manufacture, use, offering for sale, sale, and/or importation of generic sitagliptin phosphate oral tablets ("Teva's '487 ANDA Product") prior to the expiration of the '708 patent.

3. On information and belief, Teva's '487 ANDA Product is a generic version of Merck's JANUVIA® product.

4. Teva Pharmaceuticals USA, Inc. notified Merck by letter dated December 14, 2010 ("Teva's '488 Notice Letter") that it had submitted to the FDA ANDA No. 202488 ("Teva's '488 ANDA"), seeking approval from the FDA to engage in the commercial manufacture, use, offering for sale, sale, and/or importation of generic metformin hydrochloride and sitagliptin phosphate oral tablets ("Teva's '488 ANDA Product") prior to the expiration of the '708 patent.

5. On information and belief, Teva's '488 ANDA Product is a generic version of Merck's JANUMET® product.

6. Teva Pharmaceuticals USA, Inc. notified Merck by letter dated December 3, 2012 ("Teva's '524 Notice Letter"), that it had submitted to the FDA ANDA No. 204524 ("Teva's '524 ANDA"), seeking approval from the FDA to engage in the commercial manufacture, use, offering for sale, sale, and/or importation of generic simvastatin and sitagliptin phosphate oral tablets ("Teva's '524 ANDA Product") prior to the expiration of the '708 patent.

7. On information and belief, Teva's '524 ANDA Product is a generic version of Merck's JUVISYNC® product.

8. Teva Pharmaceuticals USA, Inc. notified Merck by letter dated March 1, 2013 ("Teva's '591 Notice Letter") that it had submitted to the FDA ANDA No. 204591 ("Teva's '591 ANDA"), seeking approval from the FDA to engage in the commercial manufacture, use,

offering for sale, sale, and/or importation of generic metformin hydrochloride and sitagliptin phosphate extended release oral tablets ("Teva's '591 ANDA Product") prior to the expiration of the '708 patent.

9. On information and belief, Teva's '591 ANDA Product is a generic version of Merck's JANUMET XR® product.

10. Teva's '487 Notice Letter, Teva's '488 Notice Letter, Teva's '524 Notice Letter, and Teva's '591 Notice Letter are collectively referred to herein as "Teva's Notice Letters." Teva's '487 ANDA, Teva's '488 ANDA, Teva's '524 ANDA, and Teva's '591 ANDA are collectively referred to herein as "Teva's ANDAs." Teva's '487 ANDA Product, Teva's '488 ANDA Product, Teva's '524 ANDA Product, and Teva's '591 ANDA Product are collectively referred to herein as "Teva's ANDA Products."

## PARTIES

11. Plaintiff Merck is a corporation organized and existing under the laws of New Jersey, having its corporate offices and principal place of business at One Merck Drive, Whitehouse Station, New Jersey 08889.

12. Merck is the holder of New Drug Application ("NDA") No. 21995 for JANUVIA® (sitagliptin phosphate), which has been approved by the FDA.

13. Merck is the holder of NDA No. 22044 for JANUMET® (metformin hydrochloride; sitagliptin phosphate), which has been approved by the FDA.

14. Merck is the holder of NDA No. 202343 for JUVISYNC® (simvastatin; sitagliptin phosphate), which has been approved by the FDA.

15. Merck is the holder of NDA No. 202270 for JANUMET XR® (metformin hydrochloride; sitagliptin phosphate extended release tablets), which has been approved by the FDA.

16. On information and belief, defendant Teva Pharmaceuticals USA, Inc. ("Teva USA") is a corporation organized and existing under the laws of State of Delaware, having places of business at 425 Privet Road, Horsham, Pennsylvania 19044, and 1090 Horsham Road, North Wales, Pennsylvania 19454. On information and belief, Teva USA is in the business of, among other things, manufacturing and selling generic versions of branded pharmaceutical drugs for the U.S. market.

17. On information and belief, defendant Teva Pharmaceutical Industries Ltd. ("Teva Israel") is a corporation organized and existing under the laws of the Israel, having its principal place of business at 5 Basel Street, P.O. Box 3190, Petach Tikva, 49131, Israel. On information and belief, Teva Israel is in the business of, among other things, manufacturing and selling generic versions of branded pharmaceutical drugs through various operating subsidiaries, including Teva USA.

18. On information and belief, Teva USA is a wholly owned subsidiary of Teva Israel. Teva USA and Teva Israel are collectively referred to herein as "Teva."

19. On information and belief, Teva USA and Teva Israel acted in concert to prepare and submit Teva's ANDAs to the FDA.

20. On information and belief Teva USA and Teva Israel know and intend that upon approval of Teva's ANDAs, Teva USA and Teva Israel will act in concert to manufacture, market, sell, and distribute Teva's ANDA Products throughout the United States, including in Delaware. On information and belief, Teva USA and Teva Israel are agents of each other and/or operate in concert as integrated parts of the same business group, including with respect to Teva's ANDA Products, and enter into agreements that are nearer than arm's length. On

information and belief, Teva USA and Teva Israel participated, assisted, and cooperated in carrying out in the acts complained of herein.

21. On information and belief, following any FDA approval of Teva's ANDAs, Teva USA and Teva Israel will act in concert to distribute and sell Teva's ANDA Products throughout the United States, including within Delaware.

## JURISDICTION

22. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

23. This Court has personal jurisdiction over Teva.

24. Teva USA is subject to personal jurisdiction in Delaware because, among other things, it has purposely availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being haled into court here. Teva USA is a corporation organized and existing under the laws of the State of Delaware, is qualified to do business in Delaware, and has appointed a registered agent for service of process in Delaware. It therefore has consented to general jurisdiction in Delaware. In addition, on information and belief, Teva USA develops, manufactures, imports, markets, offers to sell, and/or sells generic drugs throughout the United States, including in the State of Delaware, and therefore transacts business within the State of Delaware related to Merck's claims, and/or has engaged in systematic and continuous business contacts within the State of Delaware

25. Teva Israel is subject to personal jurisdiction in Delaware because, among other things, Teva Israel, itself and through its wholly owned subsidiary Teva USA, has purposefully availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being haled into court here. On information and belief, Teva Israel, itself and through its wholly owned subsidiary Teva USA, develops, manufactures, imports, markets, offers to sell,

and/or sells generic drugs throughout the United States, including in the State of Delaware, and therefore transacts business within the State of Delaware, and/or has engaged in systematic and continuous business contacts within the State of Delaware. In addition, Teva Israel is subject to personal jurisdiction in Delaware because, on information and belief, it controls and dominates Teva USA and therefore the activities of Teva USA in this jurisdiction are attributed to Teva Israel.

26. In addition, this Court has personal jurisdiction over Teva because Teva USA and Teva Israel regularly engage in patent litigation concerning FDA-approved branded drug products in this district, do not contest personal jurisdiction in this district, and/or have purposefully availed themselves of the rights and benefits of this Court by asserting claims and/or counterclaims in this Court. *See. e.g.*, *Teva Pharms. USA, Inc. v. Amneal Pharmaceuticals LLC*, No. 17-992-GMS, D.I. 1 (D. Del. Jan. 25, 2017) (Teva USA and Teva Israel); *see also, e.g., Valeant Pharms. Int'l v. Actavis Labs. FL, Inc.*, No. 18-1288-LPS, D.I. 33 (D. Del. Sept. 17, 2018) (Teva USA and Teva Israel); *Galderma Labs. L.P. v. Teva Pharms. USA, Inc.*, No. 17-1783-RGA, D.I. 70 (D. Del. Jan. 5, 2018) (Teva USA); *Onyx Therapeutics, Inc. v. Teva Pharms USA, Inc.*, No. 17-449-LPS, D.I. 9 (D. Del. May 17, 2017) (Teva USA); *BioDelivery Sciences Int'l, Inc. v. Teva Pharms USA, Inc.*, No. 17-282-GMS, D.I. 8, 10 (D. Del. May 2 & 4, 2017) (Teva USA and Teva Israel); *Arena Pharms., Inc. v. Teva Pharms. USA, Inc.* No. 17-231-RGA (D. Del. Mar. 28, 2017) (Teva USA); *Bayer HealthCare LLC v. Teva Pharms. USA, Inc.*, No. 16-1221-LPS, D.I. 10 (D. Del. Feb. 21, 2017) (Teva USA); *Novartis Pharms. Corp. v. Teva Pharms. USA, Inc.*, No. 16-648-RGA, D.I. 13 (D. Del. Aug. 19, 2016) (Teva USA).

27. On information and belief, if Teva's ANDAs are approved, Teva will manufacture, market, sell, and/or distribute Teva's ANDA Products within the United States, including in Delaware, consistent with Teva's practices for the marketing and distribution of other generic pharmaceutical products. On information and belief, Teva regularly does business in Delaware, and its practices with other generic pharmaceutical products have involved placing those products into the stream of commerce for distribution throughout the United States, including in Delaware. On information and belief, Teva's generic pharmaceutical products are used and/or consumed within and throughout the United States, including in Delaware. On information and belief, Teva's ANDA Products will be prescribed by physicians practicing in Delaware, dispensed by pharmacies located within Delaware, and used by patients in Delaware. Each of these activities would have a substantial effect within Delaware and would constitute infringement of Merck's patent in the event that Teva's ANDA Products are approved before the patent expires.

28. On information and belief, Teva derives substantial revenue from generic pharmaceutical products that are used and/or consumed within Delaware, and that are manufactured by Teva and/or for which Teva USA and/or Teva Israel is/are the named applicant(s) on approved ANDAs. On information and belief, various products for which Teva USA and/or Teva Israel is/are the named applicant(s) on approved ANDAs are available at retail pharmacies in Delaware.

## VENUE

29. Merck incorporates each of the preceding paragraphs 1–28 as if fully set forth herein.

30. Venue is proper in this district as to Teva USA under 28 U.S.C. §1400(b) because Teva USA is a corporation organized and existing under the laws of the State of Delaware.

31. Venue is proper in this district as to Teva Israel under 28 U.S.C. § 1391 because Teva Israel is a corporation organized and existing under the laws of Israel and is subject to personal jurisdiction in this judicial district.

**THE ’708 PATENT**

32. Merck incorporates each of the preceding paragraphs 1–31 as if fully set forth herein.

33. The inventors named on the ’708 patent are Stephen Howard Cypes, Alex Minhua Chen, Russell R. Ferlita, Karl Hansen, Ivan Lee, Vicky K. Vydra, and Robert M. Wenslow, Jr.

34. The ’708 patent, entitled “Phosphoric Acid Salt of a Dipeptidyl Peptidase-IV Inhibitor” (attached as Exhibit A), was duly and legally issued on February 5, 2008.

35. Merck is the owner and assignee of the ’708 patent.

36. The ’708 patent claims, *inter alia*, a dihydrogenphosphate salt of 4-oxo-4-[3-(trifluoromethyl)-5,6-dihydro[1,2,4]triazolo[4,3-a]pyrazin-7(8H)-yl]-1-(2,4,5-trifluorophenyl)butan-2-amine of structural formula I, or a hydrate thereof, as recited in claim 1 of the ’708 patent.

37. JANUVIA®, as well as methods of using JANUVIA®, are covered by one or more claims of the ’708 patent, including claim 1 of the ’708 patent, and the ’708 patent has been listed in connection with JANUVIA® in the FDA’s Orange Book.

38. JANUMET®, as well as methods of using JANUMET®, are covered by one or more claims of the ’708 patent, including claim 1 of the ’708 patent, and the ’708 patent has been listed in connection with JANUMET® in the FDA’s Orange Book.

39. JUVISYNC®, as well as methods of using JUVISYNC®, are covered by one or more claims of the ’708 patent, including claim 1 of the ’708 patent, and the ’708 patent has been listed in connection with JUVISYNC® in the FDA’s Orange Book.

40. JANUMET XR®, as well as methods of using JANUMET XR®, are covered by one or more claims of the ’708 patent, including claim 1 of the ’708 patent, and the ’708 patent has been listed in connection with JANUMET XR® in the FDA’s Orange Book.

**COUNT I – INFRINGEMENT OF THE ’708 PATENT**
**(TEVA’S ’487 ANDA PRODUCT)**

41. Merck incorporates each of the preceding paragraphs 1–40 as if fully set forth herein.

42. In Teva’s ’487 Notice Letter, Teva notified Merck of the submission of Teva’s ’487 ANDA to the FDA. The purpose of this submission was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, sale and/or importation of Teva’s ’487 ANDA Product prior to the expiration of the ’708 patent.

43. In Teva’s ’487 Notice Letter, Teva also notified Merck that, as part of its ANDA, Teva had filed certifications of the type described in Section 505(j)(2)(A)(vii)(IV) of the FDCA, 21 U.S.C. § 355 (j)(2)(A)(vii)(IV), with respect to the ’708 patent. On information and belief, Teva submitted its ANDA to the FDA containing certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) asserting that the ’708 patent is invalid, unenforceable, and/or will not be infringed by the manufacture, use, offer for sale, sale, and/or importation of Teva’s ’487 ANDA Product.

44. In Teva’s ’487 Notice Letter, Teva stated that Teva’s ’487 ANDA Product contains sitagliptin phosphate as an active ingredient.

45. Teva’s ’487 ANDA Product, and the use of Teva’s ’487 ANDA Product, are covered by one or more claims of the ’708 patent, including at least claim 1 of the ’708 patent, because claim 1 of the ’708 patent covers the sitagliptin phosphate contained in Teva’s ’487 ANDA Product.

46. In Teva's '487 Notice Letter, Teva did not contest infringement of claim 1 of the '708 patent.

47. Teva's submission of Teva's '487 ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Teva's '487 ANDA Product before the expiration of the '708 patent was an act of infringement of the '708 patent under 35 U.S.C. § 271(e)(2)(A).

48. On information and belief, Teva will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Teva's '487 ANDA Product immediately and imminently upon approval of its ANDA.

49. The manufacture, use, sale, offer for sale, or importation of Teva's '487 ANDA Product would infringe one or more claims of the '708 patent, including at least claim 1 of the '708 patent.

50. On information and belief, the manufacture, use, sale, offer for sale, or importation of Teva's '487 ANDA Product in accordance with, and as directed by, its proposed product labeling would infringe one or more claims of the '708 patent, including at least claim 1 of the '708 patent.

51. On information and belief, Teva plans and intends to, and will, actively induce infringement of the '708 patent when Teva's '487 ANDA is approved, and plans and intends to, and will, do so immediately and imminently upon approval. Teva's activities will be done with knowledge of the '708 patent and specific intent to infringe that patent.

52. On information and belief, Teva knows that Teva's '487 ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '708 patent, that Teva's '487 ANDA Product is not a staple article or commodity of commerce, and that Teva's

’487 ANDA Product and its proposed labeling are not suitable for substantial noninfringing use. On information and belief, Teva plans and intends to, and will, contribute to infringement of the ’708 patent immediately and imminently upon approval of Teva’s ’487 ANDA.

53. Notwithstanding Teva’s knowledge of the claims of the ’708 patent, Teva has continued to assert its intent to manufacture, offer for sale, sell, distribute, and/or import Teva’s ’487 ANDA Product with its product labeling following FDA approval of Teva’s ’487 ANDA prior to the expiration of the ’708 patent.

54. The foregoing actions by Teva constitute and/or will constitute infringement of the ’708 patent; active inducement of infringement of the ’708 patent; and contribution to the infringement by others of the ’708 patent.

55. On information and belief, Teva has acted with full knowledge of the ’708 patent and without a reasonable basis for believing that it would not be liable for infringement of the ’708 patent; active inducement of infringement of the ’708 patent; and/or contribution to the infringement by others of the ’708 patent.

56. Merck will be substantially and irreparably damaged by infringement of the ’708 patent.

57. Unless Teva is enjoined from infringing the ’708 patent, actively inducing infringement of the ’708 patent, and contributing to the infringement by others of the ’708 patent, Merck will suffer irreparable injury. Merck has no adequate remedy at law.

## COUNT II – DECLARATORY JUDGMENT OF INFRINGEMENT OF THE ’708 PATENT (TEVA’S ’487 ANDA PRODUCT)

58. Merck incorporates each of the preceding paragraphs 1–57 as if fully set forth herein.

59. The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Merck on the one hand and Teva on the other regarding Teva's infringement, active inducement of infringement, and contribution to the infringement by others of the ’708 patent.

60. The Court should declare that the commercial manufacture, use, sale, offer for sale or importation of Teva's ’487 ANDA Product with its proposed labeling, or any other Teva drug product that is covered by or whose use is covered by the ’708 patent, will infringe, induce the infringement of, and contribute to the infringement by others of the ’708 patent, and that the claims of the ’708 patent are valid.

**COUNT III – INFRINGEMENT OF THE ’708 PATENT**
**(TEVA'S ’488 ANDA PRODUCT)**

61. Merck incorporates each of the preceding paragraphs 1–60 as if fully set forth herein.

62. In Teva's ’488 Notice Letter, Teva notified Merck of the submission of Teva's ’488 ANDA to the FDA. The purpose of this submission was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, sale and/or importation of Teva's ’488 ANDA Product prior to the expiration of the ’708 patent.

63. In Teva's ’488 Notice Letter, Teva also notified Merck that, as part of its ANDA, Teva had filed certifications of the type described in Section 505(j)(2)(A)(vii)(IV) of the FDCA, 21 U.S.C. § 355 (j)(2)(A)(vii)(IV), with respect to the ’708 patent. On information and belief, Teva submitted its ANDA to the FDA containing certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) asserting that the ’708 patent is invalid, unenforceable, and/or will not be infringed by the manufacture, use, offer for sale, sale, and/or importation of Teva's ’488 ANDA Product.

64. In Teva's '488 Notice Letter, Teva stated Teva's '488 ANDA Product contains sitagliptin phosphate as an active ingredient.

65. Teva's '488 ANDA Product, and the use of Teva's '488 ANDA Product, are covered by one or more claims of the '708 patent, including at least claim 1 of the '708 patent, because claim 1 of the '708 patent covers the sitagliptin phosphate contained in Teva's '488 ANDA Product.

66. In Teva's '488 Notice Letter, Teva did not contest infringement of claim 1 of the '708 patent.

67. Teva's submission of Teva's '488 ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Teva's '488 ANDA Product before the expiration of the '708 patent was an act of infringement of the '708 patent under 35 U.S.C. § 271(e)(2)(A).

68. On information and belief, Teva will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Teva's '488 ANDA Product immediately and imminently upon approval of its ANDA.

69. The manufacture, use, sale, offer for sale, or importation of Teva's '488 ANDA Product would infringe one or more claims of the '708 patent, including at least claim 1 of the '708 patent.

70. On information and belief, the manufacture, use, sale, offer for sale, or importation of Teva's '488 ANDA Product in accordance with, and as directed by, its proposed product labeling would infringe one or more claims of the '708 patent, including at least claim 1 of the '708 patent.

71. On information and belief, Teva plans and intends to, and will, actively induce infringement of the ’708 patent when Teva’s ’488 ANDA is approved, and plans and intends to, and will, do so immediately and imminently upon approval. Teva’s activities will be done with knowledge of the ’708 patent and specific intent to infringe that patent.

72. On information and belief, Teva knows that Teva’s ’488 ANDA Product and its proposed labeling are especially made or adapted for use in infringing the ’708 patent, that Teva’s ’488 ANDA Product is not a staple article or commodity of commerce, and that Teva’s ’488 ANDA Product and its proposed labeling are not suitable for substantial noninfringing use. On information and belief, Teva plans and intends to, and will, contribute to infringement of the ’708 patent immediately and imminently upon approval of Teva’s ’488 ANDA.

73. Notwithstanding Teva’s knowledge of the claims of the ’708 patent, Teva has continued to assert its intent to manufacture, offer for sale, sell, distribute, and/or import Teva’s ’488 ANDA Product with its product labeling following FDA approval of Teva’s ’488 ANDA prior to the expiration of the ’708 patent.

74. The foregoing actions by Teva constitute and/or will constitute infringement of the ’708 patent; active inducement of infringement of the ’708 patent; and contribution to the infringement by others of the ’708 patent.

75. On information and belief, Teva has acted with full knowledge of the ’708 patent and without a reasonable basis for believing that it would not be liable for infringement of the ’708 patent; active inducement of infringement of the ’708 patent; and/or contribution to the infringement by others of the ’708 patent.

76. Merck will be substantially and irreparably damaged by infringement of the ’708 patent.

77. Unless Teva is enjoined from infringing the ’708 patent, actively inducing infringement of the ’708 patent, and contributing to the infringement by others of the ’708 patent, Merck will suffer irreparable injury. Merck has no adequate remedy at law.

**COUNT IV – DECLARATORY JUDGMENT OF INFRINGEMENT OF THE ’708 PATENT (TEVA’S ’488 ANDA PRODUCT)**

78. Merck incorporates each of the preceding paragraphs 1–77 as if fully set forth herein.

79. The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Merck on the one hand and Teva on the other regarding Teva’s infringement, active inducement of infringement, and contribution to the infringement by others of the ’708 patent.

80. The Court should declare that the commercial manufacture, use, sale, offer for sale or importation of Teva’s ’488 ANDA Product with its proposed labeling, or any other Teva drug product that is covered by or whose use is covered by the ’708 patent, will infringe, induce the infringement of, and contribute to the infringement by others of the ’708 patent, and that the claims of the ’708 patent are valid.

**COUNT V – INFRINGEMENT OF THE ’708 PATENT (TEVA’S ’524 ANDA PRODUCT)**

81. Merck incorporates each of the preceding paragraphs 1–80 as if fully set forth herein.

82. In Teva’s ’524 Notice Letter, Teva notified Merck of the submission of Teva’s ’524 ANDA to the FDA. The purpose of this submission was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, sale and/or importation of Teva’s ’524 ANDA Product prior to the expiration of the ’708 patent.

83. In Teva's '524 Notice Letter, Teva also notified Merck that, as part of its ANDA, Teva had filed certifications of the type described in Section 505(j)(2)(A)(vii)(IV) of the FDCA, 21 U.S.C. § 355 (j)(2)(A)(vii)(IV), with respect to the '708 patent. On information and belief, Teva submitted its ANDA to the FDA containing certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) asserting that the '708 patent is invalid, unenforceable, and/or will not be infringed by the manufacture, use, offer for sale, sale, and/or importation of Teva's '524 ANDA Product.

84. In Teva's '524 Notice Letter, Teva stated that Teva's '524 ANDA Product contains sitagliptin phosphate as an active ingredient.

85. Teva's '524 ANDA Product, and the use of Teva's '524 ANDA Product, are covered by one or more claims of the '708 patent, including at least claim 1 of the '708 patent, because claim 1 of the '708 patent covers the sitagliptin phosphate contained in Teva's '524 ANDA Product.

86. In Teva's '524 Notice Letter, Teva did not contest infringement of claim 1 of the '708 patent.

87. Teva's submission of Teva's '524 ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Teva's '524 ANDA Product before the expiration of the '708 patent was an act of infringement of the '708 patent under 35 U.S.C. § 271(e)(2)(A).

88. On information and belief, Teva will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Teva's '524 ANDA Product immediately and imminently upon approval of its ANDA.

89. The manufacture, use, sale, offer for sale, or importation of Teva's '524 ANDA Product would infringe one or more claims of the '708 patent, including at least claim 1 of the '708 patent.

90. On information and belief, the manufacture, use, sale, offer for sale, or importation of Teva's '524 ANDA Product in accordance with, and as directed by, its proposed product labeling would infringe one or more claims of the '708 patent, including at least claim 1 of the '708 patent.

91. On information and belief, Teva plans and intends to, and will, actively induce infringement of the '708 patent when Teva's '524 ANDA is approved, and plans and intends to, and will, do so immediately and imminently upon approval. Teva's activities will be done with knowledge of the '708 patent and specific intent to infringe that patent.

92. On information and belief, Teva knows that Teva's '524 ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '708 patent, that Teva's '524 ANDA Product is not a staple article or commodity of commerce, and that Teva's '524 ANDA Product and its proposed labeling are not suitable for substantial noninfringing use. On information and belief, Teva plans and intends to, and will, contribute to infringement of the '708 patent immediately and imminently upon approval of Teva's '524 ANDA.

93. Notwithstanding Teva's knowledge of the claims of the '708 patent, Teva has continued to assert its intent to manufacture, offer for sale, sell, distribute, and/or import Teva's '524 ANDA Product with its product labeling following FDA approval of Teva's '524 ANDA prior to the expiration of the '708 patent.

94. The foregoing actions by Teva constitute and/or will constitute infringement of the ’708 patent; active inducement of infringement of the ’708 patent; and contribution to the infringement by others of the ’708 patent.

95. On information and belief, Teva has acted with full knowledge of the ’708 patent and without a reasonable basis for believing that it would not be liable for infringement of the ’708 patent; active inducement of infringement of the ’708 patent; and/or contribution to the infringement by others of the ’708 patent.

96. Merck will be substantially and irreparably damaged by infringement of the ’708 patent.

97. Unless Teva is enjoined from infringing the ’708 patent, actively inducing infringement of the ’708 patent, and contributing to the infringement by others of the ’708 patent, Merck will suffer irreparable injury. Merck has no adequate remedy at law.

**COUNT VI – DECLARATORY JUDGMENT**
**OF INFRINGEMENT OF THE ’708 PATENT**
**(TEVA’S ’524 ANDA PRODUCT)**

98. Merck incorporates each of the preceding paragraphs 1–97 as if fully set forth herein.

99. The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Merck on the one hand and Teva on the other regarding Teva’s infringement, active inducement of infringement, and contribution to the infringement by others of the ’708 patent.

100. The Court should declare that the commercial manufacture, use, sale, offer for sale or importation of Teva’s ’524 ANDA Product with its proposed labeling, or any other Teva drug product that is covered by or whose use is covered by the ’708 patent, will infringe, induce

the infringement of, and contribute to the infringement by others of the ’708 patent, and that the claims of the ’708 patent are valid.

**COUNT VII – INFRINGEMENT OF THE ’708 PATENT**
**(TEVA’S ’591 ANDA PRODUCT)**

101. Merck incorporates each of the preceding paragraphs 1–100 as if fully set forth herein.

102. In Teva’s ’591 Notice Letter, Teva notified Merck of the submission of Teva’s ’591 ANDA to the FDA. The purpose of this submission was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, sale and/or importation of Teva’s ’591 ANDA Product prior to the expiration of the ’708 patent.

103. In Teva’s ’591 Notice Letter, Teva also notified Merck that, as part of its ANDA, Teva had filed certifications of the type described in Section 505(j)(2)(A)(vii)(IV) of the FDCA, 21 U.S.C. § 355 (j)(2)(A)(vii)(IV), with respect to the ’708 patent. On information and belief, Teva submitted its ANDA to the FDA containing certifications pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) asserting that the ’708 patent is invalid, unenforceable, and/or will not be infringed by the manufacture, use, offer for sale, sale, and/or importation of Teva’s ’591 ANDA Product.

104. In Teva’s ’591 Notice Letter, Teva stated that Teva’s ’591 ANDA Product contains sitagliptin phosphate as an active ingredient.

105. Teva’s ’591 ANDA Product, and the use of Teva’s ’591 ANDA Product, are covered by one or more claims of the ’708 patent, including at least claim 1 of the ’708 patent, because claim 1 of the ’708 patent covers the sitagliptin phosphate contained in Teva’s ’591 ANDA Product.

106. In Teva's '591 Notice Letter, Teva did not contest infringement of claim 1 of the '708 patent.

107. Teva's submission of Teva's '591 ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of Teva's '591 ANDA Product before the expiration of the '708 patent was an act of infringement of the '708 patent under 35 U.S.C. § 271(e)(2)(A).

108. On information and belief, Teva will engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Teva's '591 ANDA Product immediately and imminently upon approval of its ANDA.

109. The manufacture, use, sale, offer for sale, or importation of Teva's '591 ANDA Product would infringe one or more claims of the '708 patent, including at least claim 1 of the '708 patent.

110. On information and belief, the manufacture, use, sale, offer for sale, or importation of Teva's '591 ANDA Product in accordance with, and as directed by, its proposed product labeling would infringe one or more claims of the '708 patent, including at least claim 1 of the '708 patent.

111. On information and belief, Teva plans and intends to, and will, actively induce infringement of the '708 patent when Teva's '591 ANDA is approved, and plans and intends to, and will, do so immediately and imminently upon approval. Teva's activities will be done with knowledge of the '708 patent and specific intent to infringe that patent.

112. On information and belief, Teva knows that Teva's '591 ANDA Product and its proposed labeling are especially made or adapted for use in infringing the '708 patent, that Teva's '591 ANDA Product is not a staple article or commodity of commerce, and that Teva's

’591 ANDA Product and its proposed labeling are not suitable for substantial noninfringing use. On information and belief, Teva plans and intends to, and will, contribute to infringement of the ’708 patent immediately and imminently upon approval of Teva’s ’591 ANDA.

113. Notwithstanding Teva’s knowledge of the claims of the ’708 patent, Teva has continued to assert its intent to manufacture, offer for sale, sell, distribute, and/or import Teva’s ’591 ANDA Product with its product labeling following FDA approval of Teva’s ’591 ANDA prior to the expiration of the ’708 patent.

114. The foregoing actions by Teva constitute and/or will constitute infringement of the ’708 patent; active inducement of infringement of the ’708 patent; and contribution to the infringement by others of the ’708 patent.

115. On information and belief, Teva has acted with full knowledge of the ’708 patent and without a reasonable basis for believing that it would not be liable for infringement of the ’708 patent; active inducement of infringement of the ’708 patent; and/or contribution to the infringement by others of the ’708 patent.

116. Merck will be substantially and irreparably damaged by infringement of the ’708 patent.

117. Unless Teva is enjoined from infringing the ’708 patent, actively inducing infringement of the ’708 patent, and contributing to the infringement by others of the ’708 patent, Merck will suffer irreparable injury. Merck has no adequate remedy at law.

**COUNT VIII – DECLARATORY JUDGMENT**
**OF INFRINGEMENT OF THE ’708 PATENT**
**(TEVA’S ’591 ANDA PRODUCT)**

118. Merck incorporates each of the preceding paragraphs 1–117 as if fully set forth herein.

119. The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Merck on the one hand and Teva on the other regarding Teva's infringement, active inducement of infringement, and contribution to the infringement by others of the '708 patent.

120. The Court should declare that the commercial manufacture, use, sale, offer for sale or importation of Teva's '591 ANDA Product with its proposed labeling, or any other Teva drug product that is covered by or whose use is covered by the '708 patent, will infringe, induce the infringement of, and contribute to the infringement by others of the '708 patent, and that the claims of the '708 patent are valid.

## PRAYER FOR RELIEF

WHEREFORE, Merck requests the following relief:

(a) A judgment that the '708 patent has been infringed under 35 U.S.C. § 271(e)(2) by Teva's submissions to the FDA of Teva's ANDAs;

(b) A judgment ordering that the effective date of any FDA approval of the commercial manufacture, use, or sale of Teva's ANDA Products, or any other drug product that infringes or the use of which infringes the '708 patent, be not earlier than the latest of the expiration date of the '708 patent, inclusive of any extension(s) and additional period(s) of exclusivity;

(c) A preliminary and permanent injunction enjoining Teva, and all persons acting in concert with Teva, from the commercial manufacture, use, sale, offer for sale, or importation into the United States of Teva's ANDA Products, or any other drug product covered by or whose use is covered by the '708 patent, prior to the expiration of the '708 patent, inclusive of any extension(s) and additional period(s) of exclusivity;

(d) A judgment declaring that the commercial manufacture, use, sale, offer for sale or importation of Teva's ANDA Products, or any other drug product that is covered by or whose use is covered by the '708 patent, prior to the expiration of the '708 patent, will infringe, induce the infringement of, and contribute to the infringement by others of, the '708 patent;

(e) A declaration that this is an exceptional case and an award of attorney's fees pursuant to 35 U.S.C. § 285;

(f) Costs and expenses in this action; and

(g) Such further and other relief as this Court may deem just and proper.

Dated: February 13, 2019

Respectfully submitted,

MCCARTER & ENGLISH, LLP

/s/ Daniel M. Silver
Michael P. Kelly (#2295)
Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, Delaware 19801
(302) 984-6300
mkelly@mccarter.com
dsilver@mccarter.com
ajoyce@mccarter.com

*Attorneys for Plaintiff*
*Merck Sharpe & Dohme Corp.*

OF COUNSEL:

Bruce R. Genderson
Jessamyn S. Berniker
Stanley E. Fisher
Shaun P. Mahaffy
Anthony H. Sheh
Jingyuan Luo*
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
T: (202) 434-5000
F: (202) 434-5029
bgenderson@wc.com
jberniker@wc.com
sfisher@wc.com
smahaffy@wc.com
asheh@wc.com
jluo@wc.com

*Admitted only in CA. Practice supervised by D.C. Bar members pursuant to D.C. Court of Appeals Rule 49(c)(8).